# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00558-CV

**In re Benito Hernandez**

## ORIGINAL PROCEEDING FROM CALDWELL COUNTY

## M E M O R A N D U M   O P I N I O N

Benito Hernandez filed a petition for writ of mandamus asking this Court to order the trial court to grant his motion for judgment nunc pro tunc crediting him for 661 days time served. Hernandez contends that he pleaded guilty to the offense of possession of a controlled substance in a penal institution, *see* Tex. Penal Code Ann. § 38.11 (West Supp. 2009), with the agreement that he would receive 661 days credit for time served for the time between the offense date (December 6, 1999) and the imposition of sentence (September 27, 2001). Hernandez received 184 days credit for time served, which the State argues is all that he was entitled to receive. The State noted (and Hernandez conceded) that, because he committed this possession of a controlled substance offense while incarcerated, the sentence for this offense had to be cumulated to the sentence he was serving. *See* Tex. Code Crim. Proc. Ann. art. 42.08(b) (West Supp. 2009). After Hernandez filed his petition for writ of mandamus, the trial court denied his motion for judgment nunc pro tunc.

We conclude that Hernandez has not shown himself entitled to mandamus relief. He requested a ruling on the motion for judgment and has received that ruling. He has not demonstrated

that the trial court had a ministerial duty to award him credit for 661 days time served. He attached to his petition unsworn letters from the attorney who represented him during the plea bargain negotiations who asserts that Hernandez was due 661 days credit under the plea bargain. In its reply to the petition, the State denied that Hernandez was entitled to 661 days credit. While the State does not contest that he was incarcerated during the 661 days that passed between the date of the offense and the date sentence was imposed, Hernandez did not respond to the State's contention that he received the amount of credit for time served to which he was entitled due to the effect of the mandatory cumulation provision. *See* Tex. Code Crim. Proc. Ann. art. 42.08(b). The written plea bargain agreement attached to the State's response does not specify an amount of credit for time served that was agreed upon. Hernandez has not shown when his sentence for the offense for which he was incarcerated at the time of this 1999 possession offense ended, and thus if or when he was serving time solely pending sentencing for this possession offense. Now that the trial court has ruled on his motion for judgment nunc pro tunc, the core of Hernandez's complaint appears to be that he was sentenced inconsistently with his plea bargain agreement. Based on the arguments made in this case, that is not the proper subject for a petition for writ of mandamus in this Court—although it may be a subject for a petition for writ of habeas corpus with the trial court and the court of criminal appeals. *See Ex parte Spicuzza*, 903 S.W.2d 381, 385 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

The petition for writ of mandamus is denied.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed:   December 4, 2009